UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>v.<br><br>JEFFREY ALLEN JACKSON,<br><br>                            Defendant. | Case No.: 3:24-CR-0096-JAH<br><br>**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER OF DETENTION**<br><br>**[ECF No. 27]** |

      Before the Court is Defendant Jeffrey Allen Jackson's ("Defendant") Motion to Revoke Detention Order and Set Conditions of Release. ECF No. 22. At Defendant's ("Defendant") initial appearance on December 19, 2023, the Government moved to detain him based on a serious risk of flight. ECF No. 6. After a hearing on December 26, 2023, the Court granted the Government's motion. ECF No. 13. The Court found by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. *Id.* Based on this finding, the Court ordered that Defendant be detained. The Court found that the following factors supported an order of detention: the nature and circumstances of the offense; attempt to evade law enforcement; criminal history; past violations of probation, parole, or supervised release in 2006 and 2008; and the weight of the evidence against the Defendant (although the least important factor). *Id.*

1   Defendant now seeks reconsideration of the Court's detention order, and requests
2   that the Court set pretrial release conditions including a $15,000 personal appearance bond
3   secured by the signature of his cousin and location monitoring. Defendant argues that
4   conditions of pretrial release should be set because he has lived in the United States his
5   entire life and has strong family ties in the United States.

6   The Government opposes the motion. The Government argues that Defendant has
7   not presented any new facts that warrant reconsideration of detention. The Government
8   relies largely on the circumstances of the arrest and Defendant's criminal history to argue
9   that detention is warranted. Defendant's criminal history includes supervised release
10   violations in 2006 and 2008, and the circumstances of his arrest indicate that law
11   enforcement officers had to deploy significant measures due to Defendant's failure to yield.

12   The Court finds that this matter is suitable for determination without a hearing.
13   *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020);
14   *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020)
15   (no requirement to hold a hearing on request for reconsideration of order of detention).

16   The Court is not persuaded that the additional facts presented by Defendant warrant
17   reconsideration of the Court's prior detention order. Although the Court respects and
18   appreciates that Defendant's cousin is willing to support him on pretrial release, that does
19   not mitigate the Court's concerns regarding the serious risk of flight that arises from the
20   nature and circumstances of the instant offense and arrest, and Defendant's lengthy
21   criminal history. In short, the Court sees no evidence that Defendant does not continue to
22   present a serious risk of flight.

23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

Therefore, the Court **DENIES** Defendant's motion to reconsider the Court's order of detention.

**IT IS SO ORDERED.**

Dated:  March 3, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge